THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAINHOUSE HOMEOWNERS ASSOCIATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | CASE NO. C16-1457-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Allstate Insurance Company's motion for summary judgment (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

## I.      BACKGROUND

Plaintiff Mainhouse Homeowners Association has the duty to maintain the common elements of the Mainhouse condominium complex in Everett, Washington. (Dkt. No. 8 at ¶ 2.1.) Defendant insured the condominium complex under a series of annually issued insurance policies (the Policy) between 1983 and 1994. (*Id.* at ¶ 2.2; Dkt. No. 12 at 22.) On September 9, 2016, Plaintiff tendered a claim for "hidden water damage" to Defendant. (*Id.* at ¶ 4.2; Dkt. No. 12 at 6.) In the claim letter, Plaintiff requested that Defendant toll the suit limitations period "in

order to allow a reasonable time for [Defendant] to investigate and adjust [Plaintiff's] claim with the goal of avoiding unnecessary litigation." (*Id.* at 7.) Plaintiff gave Defendant 10 days to respond to the tolling request. (*Id.*) On September 15, 2016, Defendant's counsel acknowledged the claim letter and agreed to enter into a tolling agreement. (Dkt. No. 12 at 75, 78.) However, Plaintiff filed this lawsuit on September 14, 2016, before the 10 days had expired. (Dkt. No. 1.) Plaintiff alleges that Defendant breached the Policy and asks for declaratory judgment. (Dkt. No. 8 at 6–7.)  Defendant learned about the complaint on September 15, 2016, and withdrew its agreement to form a tolling agreement. (Dkt. No. 11 at 7.)

Also on September 15, 2016, Defendant issued a reservation of rights letter. (Dkt. No. 14-2 at 117.) In response, Plaintiff sent a letter "asking Allstate to acknowledge that its [Policy] was the same as the policy in *Greenlake*[1], and to acknowledge 10 discrete ruling from the *Greenlake* decision on how [the Policy] should be interpreted." (Dkt. No. 14 at ¶ 15; Dkt. No. 14-2 at 122.) Defendant responded to Plaintiff's letter and said it "does not concede that [*Greenlake* is] binding or even applicable" because it was decided on different facts. (Dkt. No. 14-2 at 127.)

Nevertheless, Defendant has been investigating Plaintiff's claim and has not yet determined if the damage is covered under the Policy. (*See generally* Dkt. No. 11 at 18–46.) Defendant now moves for summary judgment. (Dkt. No. 10.)

## II.   DISCUSSION

### A.   Motion for Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

---

[1] On December 23, 2015, Judge Rothstein issued an order denying a motion for summary judgment filed by Defendant in a different matter. *Greenlake Condo. Ass'n v. Allstate*, 2015 WL 11988945 (W.D. Wash. Dec. 23, 2015). Judge Rothstein held that the policy at issue "[did] not exclude damage caused by weather/rain and water damage caused by water," even though Defendant had denied policy coverage. *Id.* at *13. Plaintiff alleges that the insurance policy at issue in *Greenlake* is the same as the Policy in this matter. (Dkt. No. 13 at 2.) Plaintiff also alleges that Defendant has "consistently refused to interpret [that Policy] in accordance with *Greenlake*, and continues to deny coverage for damage caused by rainwater intrusion." (*Id.* at 3.)

1    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2    Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable

3    inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson*

4    *v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is

5    properly made and supported, the opposing party "must come forward with 'specific facts

6    showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*

7    *Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that

8    may affect the outcome of the case, and a dispute about a material fact is genuine if there is

9    sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*,

10   477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and

11   "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871,

12   888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make

13   a showing sufficient to establish the existence of an element essential to that party's case, and on

14   which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

15   324 (1986).

16         **B.**     **Breach of Contract**

17         Plaintiff alleges that Defendant "breached or will breach [its] respective contractual

18   duties by not paying out on [Plaintiff's] claim." (Dkt. No. 1 at ¶ 6.2.) Plaintiff claims that

19   Defendant repudiated its insurance contract at the time the complaint was filed based on previous

20   depositions in the *Greenlake* matter and Defendant's current refusal to interpret the Policy to

21   provide coverage pursuant to *Greenlake*. (Dkt. No. 13 at 18–19.) Defendant argues that it has not

22   breached the contract because it "continues to diligently investigate the claim" and has not

23   denied coverage at this point. (Dkt. No. 10 at 9–12.)

24         Any failure to perform a contractual duty when the time for performance has accrued

25   constitutes a breach. Restatement (Second) of Contracts § 235(2) (1981). However, where a

26   party repudiates the contract before performance is due, an action for damages is not premature.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 3

1    *Bakotich v. Swanson*, 957 P.2d 275, 278 (Wash. Ct. App. 1998). The repudiation must consist of

2    a "positive statement or action by the promisor indicating distinctly and unequivocally that he

3    either will not or cannot substantially perform any of his contractual obligations." *Wallace Real*

4    *Estate Inv. Inc. v. Groves*, 881 P.2d 1010, 1019 (Wash. 1994). A party's "doubtful and indefinite

5    statements" suggesting only that it may not perform do not demonstrate repudiation. *Id.*

6            The Court concludes that Defendant has not breached the contract and has not

7    anticipatorily repudiated the contract at this time. The contract has not been breached because

8    Defendant has not granted or denied the claim. Moreover, Defendant's refusal to agree that

9    *Greenlake* applies in this matter is not a statement that unequivocally indicates anticipatory

10   repudiation. Defendant's continued investigation of the claim indicates it has not repudiated the

11   contract. (*See* Dkt. No. 11 at 18–49.) Therefore, construing the facts in a light most favorable to

12   Plaintiff, Defendant's statements are merely doubtful and indefinite statements at best. As such,

13   the Court GRANTS Defendant's motion for summary judgment on the breach of contract claim

14   and the claim is DISMISSED WITH PREJUDICE.

15   **C.      Declaratory Judgment**

16           Plaintiff asks for declaratory judgment that the Policy provides coverage for its claim.

17   (Dkt. No. 1 at   ¶ 7.1.) Defendant counters that this case is not ripe because there is no actual

18   controversy as there is no coverage dispute while Defendant continues to investigate the claim.

19   (Dkt. No. 10 at 12–15) (relying on *Forest Glade Homeowners Ass'n v. Allied Mut. Ins. Co.*, 2009

20   WL 927750 (W.D. Wash. Mar. 31, 2009), which found that a similar insurance case was not

21   ripe). Plaintiff contends that the Court should adopt the analysis in *Triyar Cos., LLC v. Lexington*

22   *Insurance Co.*, 2013 WL 3280033 (S.D. Tex. June 27, 2013), which found that a similar

23   insurance case was ripe.

24           The Court may grant a request for declaratory judgment in the case of an "actual

25   controversy within its jurisdiction." 28 U.S.C. § 2201(a). The key considerations are "the fitness

26   of the issue for judicial decision and the hardship to the parties of withholding court

consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Fitness is determined by asking whether the question is purely legal or whether further factual development is necessary to resolve the case. *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003). Hardship examines the difficulty the parties will face if a judicial decision is denied. *See Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 164–65 (1967).

The issue here is whether Plaintiff's requested declaratory relief is ripe for review before there is a potential dispute in coverage between the parties. Two other district courts have addressed the same issue and came to different results. In *Triyar*, Judge Costa of the Southern District of Texas found that a declaration of coverage before damages had been determined was fit for review because a past event is "neither abstract nor hypothetical." 2013 WL 3280033, at *3. Judge Costa also found that Plaintiff would suffer hardship if a judicial decision was denied because there was "a possibility that limitations could bar [plaintiff's] claims in a future suit." *Id.* However, in *Forest Glade*, Judge Robart of the Western District of Washington found that the case was not ripe for review because the defendant had not received the plaintiff's insurance claim before the suit was filed and an expectation of adverse positions does not create an actual controversy. 2009 WL 927750, at *4–5. Judge Robart also noted that although the parties had not fully briefed the court regarding the statute of limitations of the insurance policy, the order dismissing the declaratory judgment claim was conditioned on the parties entering into an appropriate tolling agreement. *Id.* at *6 n.3.

This Court concludes that *Forest Glade* is distinguishable because the plaintiff asked for declaratory judgment before the insurance company had received its claim. This matter is closer to *Triyar* because Defendant had notice of the claim before the action was filed. (*See* Dkt. No. 8 at ¶ 4.2.) This action is fit for adjudication because it revolves around a past event that is not hypothetical. The Court also notes that both other district courts considered the potential hardship if policy limitations barred a future suit. As such, potential concerns about the statute of limitations in this case lead the Court to conclude that Plaintiff would suffer hardship if the Court

1    declines to hear the case, especially since the parties' past attempt to establish a tolling

2    agreement failed. (*See* Dkt. No. 11 at 7.) Therefore, this matter is ripe for review and

3    Defendant's motion for summary judgment on the declaratory judgment claim is DENIED.

4          **D.**    **Leave to Amend**

5          Plaintiff requests that it be granted leave to amend the complaint to include Washington

6    Administrative Code violations, CPA violations, and a bad faith claim. (Dkt. No. 13 at 20 n.13.)

7    The district court is afforded discretion to grant leave to amend and "[t]he court should freely

8    give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to

9    amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316

10   F.3d 1048, 1051–52 (9th Cir. 2003). Although Plaintiff previously amended its complaint as a

11   matter of right, the Court finds that granting leave to amend would not cause undue delay,

12   prejudice the opposing party, or be futile. Therefore, the Court GRANTS Plaintiff's request for

13   leave to amend. If Plaintiff chooses to do so, it must file an amended complaint within 30 days of

14   this Order.

15   **III.    CONCLUSION**

16         For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 10) is

17   GRANTED in part and DENIED in part. Plaintiff's request for leave to amend is GRANTED. If

18   Plaintiff chooses to do so, it must file an amended complaint within 30 days of this Order.

19         DATED this 5th day of January 2017.

20

21

22

23

24

25   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

26