THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAINHOUSE HOMEOWNERS ASSOCIATION,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>ALLSTATE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C16-1457-JCC<br><br>ORDER CONSOLIDATING CASES |

This matter comes before the Court *sua sponte*. There are two cases pending before this Court, and both arise out of the same insurance policy dispute. *See Mainhouse Homeowners Association v. Allstate Insurance Company, et al.*, C16-1457-JCC; *Mainhouse Homeowners Association v. State Farm Fire & Casualty Company, et al.*, C17-0461-JCC. The only difference between the two cases is that the latter case, C17-0461-JCC, alleges additional claims against Defendant State Farm. Given the similarity in issues and facts, the latter case was transferred to the undersigned judge, and the Court now considers whether consolidation is proper.[1]

If multiple actions before the Court involve a common question of law or fact, the Court

---

[1] It is within the Court's authority to consider this question on its own motion. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[T]rial courts may consolidate cases *sua sponte*."); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1065 (C.D. Cal. 1999) ("A district court presiding over the matters may order consolidation *sua sponte*.").

ORDER CONSOLIDATING CASES
PAGE - 1

may consolidate the actions. Fed. R. Civ. P. 42(a)(2). The Court has substantial discretion in determining whether to consolidate actions. *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Once a common question of law or fact is identified, the Court considers factors such as the interests of justice, expeditious results, conservation of resources, avoiding inconsistent results, and the potential of prejudice. *See* 8 MOORE'S FEDERAL PRACTICE – CIVIL § 42.10 at [4][a]-[5][d] (3d. ed. 1997).

Here, each case raises the same legal issues. The underlying facts are similar as well: Plaintiff Mainhouse filed claims arising out of the same insurance policies against the same insurance companies. Because of these common questions of law and fact, the Court finds that consolidation would conserve resources, avoid inconsistent results, and otherwise serve the interests of justice.

The Court hereby ORDERS that the following cases shall be consolidated: C16-1457-JCC and C17-0461-JCC. All future filings shall bear the caption and case number of the first-filed case, *Mainhouse Homeowners Association v. Allstate Insurance Company, et al.*, C16-1457-JCC. The remaining case, C17-0461-JCC, shall be CLOSED, and any case management deadlines set in that case are VACATED.

DATED this 25th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE